UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RADOVAN TIRNANICH and
STELLA TIRNANICH,

        Plaintiffs,

  v.                                           Case No. 17-cv-1142-pp

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL THE COMPLAINT (DKT. NO. 5), DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT (DKT. NO. 8), GRANTING DEFENDANT'S MOTION TO SEAL THE UN-REDACTED MOTION TO DISMISS (DKT. NO. 10), GRANTING PLAINTIFFS' MOTION TO SEAL THE UN-REDACTED AMENDED COMPLAINT (DKT. NO. 13), GRANTING DEFENDANT'S MOTION TO SEAL THE UN-REDACTED MOTION TO DISMISS AND THE ATTACHED SETTLEMENT AGREEMENT (DKT. NO. 17) AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY (DKT. NO. 24)**

---

      The plaintiffs filed this case under the Fair Debt Collections Practices Act, 15 U.S.C. §1692 (FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. §1681 (FCRA). In order for a trier of fact to be able to determine whether the defendant is liable on these claims, the trier of fact would need to know the terms of a prior settlement between the parties, but that settlement is confidential. The plaintiff has asked the court to seal an un-redacted copy of the complaint, which contains confidential information from the confidential

1

settlement agreement.[1] Dkt. No. 5. The defendant filed a motion to dismiss, dkt. no. 8, and a motion asking the court to issue an order to seal the un-redacted copy of the defendant's motion to dismiss because it contained paragraphs referring to the confidential settlement agreement, dkt. no. 10. Two weeks later, the plaintiffs filed an amended complaint, dkt. no. 12, and a motion to seal that pleading, dkt. no. 13. After filing a second motion to dismiss, dkt. no. 15, the defendant again asked the court to seal its motion, dkt. no. 17. The plaintiffs recently filed a motion for leave to file a sur-reply in opposition to the second motion to dismiss. Dkt. No. 24.

**I.      Motions to Seal (Dkt. Nos. 5, 10, 13 and 17)**

General Local Rule 79(d)(3) (E.D. Wis.) requires a party who files a motion to seal a document to support that motion with "sufficient facts demonstrating good cause for withholding the document or sealed material from public view." Many years ago, the Seventh Circuit held that there is a presumption of public access to discovery materials, and that the district court must make a determination of good cause before issuing an order sealing documents produced as "confidential" in discovery. Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). "The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the

---

[1] The plaintiff simultaneously filed an un-redacted copy of the original complaint, but referred to it as the amended complaint. Dkt. No. 6.

primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." Id. See also, *e.g.,* C'nty Materials Corp. v. Allan Block Corp., 502 F.3d 730, 740 (7th Cir. 2007) (citing Citizens).

The parties have filed multiple motions to seal documents referencing the confidential settlement agreement relevant to the dispute in this case. The plaintiff's motions to seal state only that the documents they wish the court to seal contain information that the defendant has deemed confidential "stemming from a prior confidential settlement agreement." See Dkt. Nos. 5, 13. These motions do not comply with the Rule 79(d) requirement to show good cause, nor do they provide a basis for this court to make a good cause determination, as the Seventh Circuit required.

The defendant, however, provided the court with a copy of the settlement agreement (under seal). Dkt. No. 11-1. The court has reviewed that agreement; there is an entire section of the agreement governing the confidentiality the terms of the agreement. Confidentiality was a material term of the agreement; it appears to have been a bargained-for condition of the agreement. Given that, the parties' interest in maintaining their bargained-for confidentiality outweighs the public's right to access to documents filed with the court.

In addition, the parties have complied with that portion of Rule 79(d) that requires the parties to try to limit the scope of the sealed portions; they have filed redacted versions of the complaint, minimizing the material that will be unavailable to the public.

Because the court concludes that there is good cause to seal the portions of the documents the parties have asked it to seal, and because they have limited the portions of the documents which will be unavailable to the public, the court will grant the parties' motions to seal.

**II.     Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 15)**

The defendant filed a motion to dismiss the plaintiff's complaint under Rule 12(b)(6), asserting that the defendant was not a debt collector, that the alleged violations had occurred after the account had been closed, and that the plaintiffs' mortgage no longer was serviced by the defendant. Dkt. No. 11 at 1. In addition, the defendant alleged that the settlement agreement expressly waived, released and barred all causes of action arising from the plaintiffs' mortgage loan account, including claims based on credit reporting. Id. at 2.

Two weeks after the defendant moved to dismiss, the plaintiffs filed an amended complaint. Dkt. No. 12. An amended complaint supersedes the original complaint. Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 782 (7th Cir. 2013) (citing Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)). That, along with the fact that the defendant has filed a motion to dismiss the amended complaint (dkt. no. 15), renders the first motion to dismiss moot.

**III.    Plaintiffs' Motion for Leave to File Surreply (Dkt. No. 24)**

The plaintiffs filed a motion for leave to file a sur-reply brief in opposition to defendant's motion to dismiss. Dkt. No. 24. The court's local rules do not provide for sur-replies. The court does not grant leave to file sur-replies as a matter of course, and they are disfavored. See, *e.g.*, Novoselsky v. Zvunca, Case

No. 17-cv-427-JPS, 2017 WL 3025870 at *4 n.2 (E.D. Wis., July 17, 2017); Civ. L.R. 59(b)(9).

Here, the plaintiff asks leave to file a two-page sur-reply brief. The motion states that the plaintiff needs to file the sur-reply to "address a single new argument" raised in the defendant's reply. Dkt. No. 24. The proposed sur-reply brief itself says that it seeks to address "one factually incorrect assertion." Dkt. No. 24-1 at 1. The issue appears to be this: In its reply brief, the defendant states that the settlement agreement required the plaintiffs to challenge any allegedly incorrect credit report information directly with the credit reporting agencies. Dkt. No. 23 at 4. The defendant has argued that court should not allow the plaintiffs to "get around that bargained-for requirement" by filing a federal court case alleging consumer act violations. Id. The plaintiffs ask leave to file the sur-reply to correct the impression that they did not make challenges to the credit reporting agencies themselves. Dkt. No. 24-1 at 1. They point the court to paragraphs 32 and 34 of the amended complaint, in which the plaintiffs pled that they had sent letters to the credit reporting agencies in April and May of 2017, asking the agencies to report their account with the defendant paid. Dkt. No. 12 at ¶¶32, 24.

The plaintiffs' proposed sur-reply is brief and addresses a single, arguably misleading fact in the defendant's reply brief. Despite the fact that sur-replies are disfavored, the court will grant the plaintiffs' motion to file this sur-reply brief, and will consider it when deciding the amended motion to

dismiss. The court will rule on the amended motion to dismiss in a separate order.

**IV.    Conclusion**

The court **GRANTS** the motions for orders to seal. Dkt. Nos. 5, 10, 13 and 17.

The court **ORDERS** that the clerk's office shall seal the documents at dkt. nos. 6, 11, 12, 17-1 and 17-2 until further order of the court.

The court **ORDERS** that the clerk's office shall continue to allow public access to the redacted versions of those documents (dkt. nos. 1, 9, 14 and 16).

The court **DENIES AS MOOT** the defendant's motion to dismiss the complaint. Dkt. No. 8.

The court **GRANTS** the plaintiffs' motion for leave to file a sur-reply. Dkt. No. 24. The court **ORDERS** that the clerk's office shall separately docket the sur-reply, which currently appears as an attachment to the motion at dkt. no. 24-1.

Dated in Milwaukee, Wisconsin this 9th day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**